# SALEM COMMITTEE
# TO STOP FOOD IRRADIATION
by and through
Kris Nelson,
*Petitioner,*

*v.*

# SECRETARY OF STATE,
*Respondent.*

(CA A61759)

819 P2d 752

Greg Wasson, Salem, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

William J. Juza, City Attorney, and Paul A. Lee, Assistant City Attorney, Salem, filed a brief *amicus curiae* for City of Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Petitioner seeks review of an order of the Secretary of State that imposed a civil penalty against him for failure to file timely a contributions and expenditures statement after a failed initiative petition campaign. ORS 260.118. We review only for legal errors, ORS 260.232(4); ORS 183.482, and affirm.

On September 28, 1988, the City of Salem approved petitioner's petition to initiate a municipal ordinance. Or Const, Art IV, § 1.[1] He never submitted any signed petitions. On January 16, 1989, the city recorder informed him that he had not filed a contributions and expenditures statement required by state law within 15 days after the deadline for submitting signed petitions. ORS 260.118.[2] On January 26, the recorder again contacted him; petitioner replied that he need not file a statement, because he had not collected enough signatures to qualify for the ballot. On February 9, he filed a statement with the city. The recorder reported the filing to the Secretary of State, who gave petitioner notice that a penalty for late filing might be imposed and that he could

---

[1] Article IV, section 1, of the Oregon Constitution provides, in part:

"(1)    The legislative power of the state, except for the initiative and referendum powers reserved to the people, is vested in a Legislative Assembly, consisting of a Senate and a House of Representatives.

"(2)(a)   The people reserve to themselves the initiative power, which is to propose laws and amendments to the Constitution and enact or reject them at an election independently of the Legislative Assembly."

[2] ORS 260.118 provides:

"(1)   Not later than the 15th day after the date an initiative, referendum or recall petition is filed with the filing officer for verification of signatures, and not later than the 15th day after the last day for filing for prospective petitions not completed or filed, the chief petitioners of the initiative or referendum petition or the chief petitioner of the recall petition shall file with the filing officer a statement described in this section.

"(2)   A statement filed under this section shall include the following information:

"(a)   The name and address of the chief petitioner.

"(b)   A designation of the measure proposed to be initiated or referred or the officer whose recall is demanded.

"(c)   A statement conforming to ORS 260.083 of contributions received and expenditures made by or on behalf of the chief petitioners to the date on which the statement is filed."

request a hearing. ORS 260.232.[3] He did and submitted written testimony.[4] After the hearing, the Secretary of State found that petitioner had failed to file a timely statement and assessed a $264 civil penalty against him.

Petitioner assigns error to the imposition of the penalty. He argues that the Secretary erred in holding that ORS 260.118 applies, because the deadline that the city set for submitting signed petitions is unconstitutional. He urges that Salem Revised Code (SRC) § 11.274(b),[5] which limits to 100 days the period in which to circulate a particular petition for signatures, violates his right under the Oregon Constitution to an unlimited period to initiate an ordinance. Because

---

[3] ORS 260.232 provides, in part:

"(1) The Secretary of State may impose a civil penalty as provided in this section, in addition to any other penalty that may be imposed, for:

"(a) Failure to file a statement or certification required to be filed under ORS 260.058 to 260.156."

[4] Petitioner's written testimony reads:

"Petitioners seek comfort in *State ex rel. v. Snell,* 168 Or 153, 161-162, 121 P2d 930 (1942), where it is written:

" 'In our opinion, § 81-2412 [a law requiring financial reporting of initiative efforts on the state level] was enacted to facilitate the function of the initiative and referendum powers reserved to the people. (cite omitted). Accordingly, this court ought not to give it such construction as to make it a hindrance to and burden upon the rights conferred by § 1 or article IV of the constitution: (cite omitted). A substantial compliance with the statute in filing the statement of contributions and expenditures is all that is required.'

"Here, Petitioners were in constant contact with the city during the period following imposition of the unconstitutional deadline, the expenditures for the initiative were less than $1,000 and the expenditures were made only by Heliotrope, listed on the petition as a main sponsor.

"Therefore, the public was in little danger of being misled or duped, surely the reason for the reporting requirement. Accordingly, imposition of fines for late filing would be inappropriate."

The Secretary asserts that petitioner failed to object to the imposition of the fine on constitutional grounds. Although the testimony is brief, we conclude that he adequately raised the issue that is decisive.

[5] SRC § 11.274(b) provides, in part:

"(b) No initiative * * * petition shall be accepted for filing unless:

"* * * * *

"(4) The signatures on an initiative petition have been secured within 100 days after the date stamped on the prospective petition by the recorder."

Petitioner argues that Article II, section 18(8), of the Oregon Constitution prohibits the city from imposing any time limit on circulating petitions. That section, however, applies only to recall petitions.

the city could not impose a 100-day period, he argues, it follows that the Secretary of State cannot fine him for his failure to file a statement within 15 days after the period ended.

Article IV, section 1(5), provides:

"The initiative and referendum powers reserved to the people * * * are further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in or for their municipality or district. The manner of exercising those powers shall be provided by general laws, but cities may provide the manner of exercising those powers as to municipal legislation."

In *Umrein v. Heimbigner*, 53 Or App 871, 879, 632 P2d 1367 (1981), this court said:

"'The power of voters of municipalities to initiate local legislation by petition is, like the initiative power of the people of the state at large, a substantive constitutional right. Cities are authorized to provide their own *procedure* for the *manner* in which the initiative power may be exercised within limits set by Article IV, section 1(5)." (Citations omitted.)

■ ■ An ordinance violates Article IV, section 1, if it directly conflicts with that section or if it is an unreasonable regulation that unduly burdens the right of initiative. *State v. Campbell/Campf/Collins*, 265 Or 82, 90, 506 P2d 163 (1973). SRC § 11.274(b) does not directly conflict with Article IV, section 1, which is silent as to any period for circulating petitions. We must determine, therefore, whether the ordinance unduly burdens petitioner's initiative right.

In *Campbell/Campf/Collins*, the petitioners were convicted of receiving pay for securing referendum signatures, *former* ORS 254.590, and asserted that the prohibition on receiving pay violated their initiative right. The court affirmed the convictions, holding that the statute did not unduly burden the right and in fact facilitated it by reducing the chance of fraud. The court also noted that prohibiting pay for getting signatures had not hampered past successful initiative campaigns. 265 Or at 91.

The city argues that the limitation is needed to "demonstrate[] sufficient interest in, and currency of, an initiated topic among [the] current city electorate." That is, limiting the period for circulating petitions ensures that the body of voters who propose an initiative is part of the same body that will vote on it. In the absence of an express constitutional provision forbidding a time limit and without a claim or evidence that the period is unreasonably short, that interest of the city is sufficient. *See State ex rel. v. Snell,* 168 Or 153, 121 P2d 930 (1942). We conclude that SRC § 11.274 does not impermissibly burden the initiative right. The Secretary did not err by imposing the penalty.

Affirmed.